## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SMART DENTURE CONVERSIONS,
LLC,

      Plaintiff,

    v.                                                     C.A. No. 24-507-JCB

STRAUMANN USA, LLC,

      Defendant.

### RULE 26 JOINT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order (Doc. 23) dated December 17, 2024, counsel for Plaintiff Smart Denture Conversions, LLC ("SDC") and counsel for Defendant Straumann USA, LLC conferred on January 9, 2025, and submit this resulting joint report and proposed discovery plan.

**(1)    A brief statement of claims and defenses.**

      a.    <u>Plaintiff SDC's claims.</u>

This is an action for patent infringement arising out of U.S. Patent No. 11,937,992 (the "'992 patent"), which SDC owns by assignment. The '992 patent protects a system for converting removable dentures into fixed prostheses. SDC alleges that Straumann's NeoConvert system infringes the '992 patent, both directly through its own manufacture, import, use, sale, and offering for sale of the NeoConvert system and indirectly through its inducement of third parties to practice the claimed invention.

      b.    <u>Defendant Straumann's defenses.</u>

Straumann denies infringement, asserts that the '992 patent is invalid, and asserts that SDC's claims for damages and costs are statutorily limited. *See* D.I. 24.

**(2)    The jurisdictional basis for the suit.**

This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because all claims arise under the patent laws of the United States.

**(3)    The existence of any additional related cases and the appropriateness of consolidation.**

The parties are not aware of any related proceedings.

**(4)    Proposed deadlines for dispositive motions and objections to experts**

 a. <u>Expert objection deadline (i.e., *Daubert* and similar motions).</u>

The parties propose June 19, 2026, as the deadline for *Daubert* and similar motions.

 b. <u>Dispositive motion deadline.</u>

The parties propose June 19, 2026, as the deadline for dispositive motions.

**(5)    Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.**

The parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.

**(6)    Proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused on particular issues.**

 a. <u>A statement of the subjects on which discovery may be needed.</u>

The parties anticipate conducting discovery on Plaintiff's factual and legal contentions and alleged damages, and on Defendant's factual and legal contentions concerning its defenses.

 b. <u>Deadline to complete factual discovery.</u>

The parties propose December 5, 2025, as the deadline for fact discovery.

 c. <u>Deadline to complete expert discovery.</u>

The parties propose June 5, 2026, as the deadline for expert discovery. The parties further propose that the party with the burden of proof on any issue shall make its expert disclosures pursuant to Rule 26(a)(2) by April 10, 2026 (5 weeks after the proposed date of the claim construction hearing), and that the party without the burden of proof on any issue shall make its expert disclosures pursuant to Rule 26(a)(2) by May 8, 2026. The parties propose that reply expert reports be disclosed by May 22, 2026. The parties agree that expert reports may be filed in connection with dispositive motions or *Daubert* motions, but other expert declarations will not be filed in connection with such motions.

      d.    <u>Whether discovery should be conducted in phases or limited to or focused on particular issues.</u>

The parties agree that fact discovery should precede expert discovery. The parties do not believe that discovery should be limited to or focused on particular issues.

**(7)   Whether document production should proceed by requests for production or mandatory disclosure.**

The Court's "Default Standard for Discovery, including Discovery of Electronically Stored Information" require certain mandatory productions. In particular, plaintiff SDC shall produce the file history for the asserted patent when identifying the accused products, and defendant Straumann shall then produce the core technical documents and sales numbers related to the accused products. *See* Paragraphs 7(a) and (b) of the proposed scheduling order.

To balance Straumann's production of the core technical documents and sales numbers, and to increase the chance of success of mediation, plaintiff SDC shall produce, along with its identification of accused products, non-privileged documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created before the patent's priority date (as provided for in, *e.g.*, Patent Local Rule 3-2 of the Eastern District of Texas or Patent Local Rule 3-2 of the Northern District of California).

Otherwise, document production should proceed by requests for production.

**(8)   Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures.**

The parties propose that expert depositions be limited to seven hours on the record per each issue on which the expert has disclosed opinions (i.e., seven hours on infringement and seven hours on validity).

The parties agree that, absent stipulation or leave of court, each side shall be limited to 10 fact depositions totaling no more than 70 hours on the record. Each fact deposition will be limited to one day of seven hours on the record. The parties agree that the limit of 10 depositions per side includes depositions of both party and non-party witnesses. Fact witnesses will be deposed either in the county where they reside or where they are principally employed, unless otherwise agreed to by the parties.

The parties propose a maximum of 25 requests for admission.

The parties do not propose any other changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other discovery limitations. The parties should not be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures.

**(9)    Proposed rules for disclosure or discovery of electronically stored information (ESI).**

The parties do not propose changes to the Court's "Default Standard for Discovery, including Discovery of Electronically Stored Information," except that the number of "custodians most likely to have discoverable information," pursuant to Section 3(a), is limited to five (5).

**(10)    Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information.**

The parties agree that there is a need for a protective order. The parties propose that they submit a proposed protective order by February 14, 2025.

**(11)    Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The parties agree to disclose privilege logs compliant with Rule 26(b)(5)(A) by September 19, 2025. The parties will meet and confer and, by February 14, 2025, submit a proposed order regarding privileged and trial-preparation material, including an order under Fed. R. Evid. 502(d).

**(12)    A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

      a.    <u>Proposed pretrial conference date.</u>

The parties propose a pretrial conference date of October 5, 2026.

      b.    <u>Proposed trial date.</u>

The parties propose a trial date of October 26, 2026.

      c.    <u>Estimated number of days required for trial.</u>

The parties estimate, at this point, that the trial of this action will require 3-5 days. That parties' estimate is based on current information, but may change, depending on the scope of the case (including the number of patents asserted).

d.    Whether a jury has been demanded.

Plaintiff has demanded a trial by jury.

**(13)    Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties agree to make initial disclosures under Rule 26(a)(1) by February 14, 2025.

**(14)    The parties' position on mediation or arbitration to resolve this litigation.**

The parties believe that mediation in front of a private mediator would be helpful to settlement and plan to conduct an in-person mediation in March 2025.

**(15)    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The parties' proposed scheduling order is submitted contemporaneously.

The parties agree and consent to service of discovery requests, discovery responses, pleadings, and other papers via email to counsel of record.

**(16)    Whether a conference with the court is desired.**

Given that no issues of this report and the proposed scheduling order are contested, the parties do not desire a conference with the court.

**(17)    The status of settlement negotiations, which shall not disclose settlement figures.**

The parties engaged in preliminary settlement negotiations before this lawsuit was served, but have not resumed discussions.

**(18)    A statement that counsel for each party has reviewed Judge Barker's order regulating practice (Doc. 22) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage.**

Counsel for each party has reviewed Judge Barker's order regulating practice (Doc. 22) and understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage.

**(19)    Other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

The parties' proposed scheduling order, including deadlines for disclosures under the Delaware Default Standard for Discovery § 4, claim construction (with a proposed date for a claim construction hearing on March 6, 2026), dispositive motions, and *Daubert* motions, is submitted herewith.

The parties propose March 21, 2025, as the deadline to amend or supplement the pleadings. SDC intends to supplement its Complaint to assert claims regarding U.S. Patent No. 12,156,781 B1, which was issued on December 3, 2024, and is a continuation patent of the '992 patent in suit.

/s/ Frederick L. Cottrell
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Jessica E. Blau (#7163)
RICHARDS LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Rawnsley@rlf.com
Blau@rlf.com

OF COUNSEL:

Kelsey I. Nix (admitted *pro hac vice*)
Hope C. Garber (admitted *pro hac vice*)
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL &
JERNIGAN, LLP
P.O. Box 2611
Raleigh, North Carolina 27602
(919) 821-1220
knix@smithlaw.com
hgarber@smithlaw.com

*Counsel for Plaintiff*

Dated: January 22, 2025

/s/ Karen E. Keller
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:

Georg Reitboeck (admitted *pro hac vice*)
Mark A. Chapman (admitted *pro hac vice*)
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
(212) 588-0800
greitboeck@haugpartners.com
mchapman@haugpartners.com

Chris Gosselin (admitted *pro hac vice*)
HAUG PARTNERS LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 292-1530
cgosselin@haugpartners.com

*Counsel for Defendant*